**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JEANPIERRE ALEXANDER ACOSTA CEDENO,

Petitioner,

v.

WARDEN, Otay Mesa Detention Center; FIELD OFFICE DIRECTOR, San Diego Field Office; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY, U.S. Department of Homeland Security; ATTORNEY GENERAL of the United States,

Respondents.

Case No.: 3:26-cv-04735-BTM-GC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

Jeanpierre Alexander Acosta Cedeno petitioned the Court for the writ of habeas corpus on August 18, 2026. (ECF No. 1.) He claims that the Respondents violated the Fifth Amendment by arbitrarily detaining him without notice and opportunity to be heard. (ECF No. 1 ¶¶ 67–103.) The Respondents state the Petitioner was "previously released from immigration custody on parole issued under 8 U.S.C. § 1182(d)(5)," and that they have "insufficient information regarding what actually triggered the termination of that

parole." (ECF No. 6, at 2.) They acknowledge that this Court has granted petitions with similar facts and legal issues. (*Id.*) They "do[] not oppose the petition and defer[] to the Court on the appropriate relief." (*Id.* at 3.)

Accordingly, the Court grants the petition. The Court adopts its previous decisions in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), and *Zamudio Rangel v. LaRose*, No. 26-cv-01505, 2026 WL 1075244 (S.D. Cal. Apr. 20, 2026), to find that—in light of the *Mathews v. Elridge* factors—the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Respondents' enforcement interest. *See* 424 U.S. 319, 334–35 (1976). Moreover, the Respondents do not contend that any changed circumstances warranted Petitioner's redetention or that the Petitioner is a danger to the community or a flight risk. Thus, the writ must issue to release him from custody.

The petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. The Respondents shall immediately release Acosta Cedeno from custody on any preexisting conditions. The Respondents shall return any property obtained from the Petitioner at the time of his arrest. The Respondents are ordered to provide the Petitioner with any reporting requirements and a date for his next hearing before an Immigration Judge for his asylum claim. The parties shall file a joint statement as to the satisfaction of the writ by September 8, 2026, at 12 p.m. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: September 4, 2026

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge